UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUCCI DEVELOPMENT CO., INC. ) <br> and SEBASTIAN RUCCI, ) <br> ) <br>        PLAINTIFFS ) <br> ) <br> V. ) <br> ) <br> ) <br> ) <br> GARY COOPER, and WALDEN ) <br> POND DEVELOPMENT, INC. ) <br> ) <br>        DEFENDANTS ) | CASE NO. 4:07 CV 2666 <br><br> JUDGE PETER C. ECONOMUS <br><br><br><br><br> MEMORANDUM OPINION <br> AND ORDER |

This matter is before the Court upon the Motion to Remand filed by Plaintiffs (Dkt. #5).

I.  BACKGROUND

On August 7, 2007 the Plaintiffs, Rucci Development and Sebastian Rucci, filed their Complaint in the Court of Common Pleas for Mahoning Count, Ohio against Gary Cooper and Walden Pond Development, Inc. The claims arise from a dispute between the Parties over a deal to develop certain real property located in Cranberry Township, Pennsylvania. The following facts are taken from Plaintiff's Complaint.

1

On Octboer 18, 2002, Rucci Development contracted to purchase land in Cranberry Township, Pennsylvania that was subsequently divided into "Phase I and II" of a subdivision named Walden Pond. Sebastian Rucci is the sole shareholder, director and secretary of Rucci Development, an Ohio corporation. Rucci Development later purchased a plot of land contiguous to the first two phases of Walden Pond April 22, 2003, deeming the land "Walden Pond Phase III." On August 25, 2003, Sebastian Rucci incorporated Walden Pond Development to develop Phase I and II. under the laws of Pennsylvania. Sebastian Rucci served as the company's president and secretary. Sebastian Rucci owns one half the shares of Walden Pond Development and Gary Cooper owns the other half.

On December 15, 2002, Sebastian Rucci and Gary Cooper entered in to a partnership agreement (the "Agreement") for the purposes of developing select properties. (Dkt. #1, Exh. 1). Pursuant to the Agreement, Gary Cooper offered to put up a percentage of the money required to develop Phase III, but Rucci Development rejected his offer because it did not provide enough capital. (Dkt. #1, Ex. 1). Without this financial backing, Sebastian Rucci argues, Walden Pond was unable to purchase Phase III of the development. Instead, Rucci Development purchased Phase III, later selling it to Bayard Crossing (a division of Howard Hanna) for $900,000.

Gary Cooper filed a complaint and liz pendens on behalf of Walden Pond Development, Inc. and Butler County, Pennsylvania against Rucci Development and Bayard Crossings, alleging that Rucci Development usurped Walden Pond Development Inc.'s opportunity to purchase Walden Pond Phase III. Plaintiffs filed the instant action, asserting

2

that Gary Cooper wrongfully interfered with the ability of Rucci Development to develop or sell the property. Specifically ,Plaintiffs seek: 1) a declaratory judgment declaring that Rucci Development and Sebastian Rucci did not usurp any corporate opportunity of Walden Pond; 2) injunctive relief enjoining Walden Pond Development and Gary Cooper from obstructing and interfering with the title, ownership, development, or sale of the property in Pennsylvania; and 3) general and punitive damages and attorney's fees. (Dkt. # 1, Ex. 2).

The Complaint asserts that "Defendant Walden Pond Development, Inc. is a Pennsylvania corporation registered to do business in Ohio, and with it's principal office and place of business in Mahoning County and carried on business activity in Mahoning County." (Dkt. #, Ex. 2). The Defendants removed the action to this Court on September 4, 2007, alleging diversity jurisdiction. (Dkt. # 1). The Notice of Removal provided, in pertinent part:

1. Plaintiff Rucci Development is an Ohio corporation with its principal place of business in Mahoning County, Ohio.
2. Plaintiff Sebastian Rucci is a resident of Ohio with his domicile in Mahoning County, Ohio.
3. Gary Cooper is a resident of the State of Florida.
4. Walden Pond Development, Inc. is a Pennsylvania corporation, with its assets and principal income-generating options occurring within the State of Pennsylvania.

## II.   STANDARD OF REVIEW

The Defendants have invoked this Court's diversity jurisdiction. (Dkt. # 1, Notice of Removal). As the parties invoking federal jurisdiction, the Defendants bear the burden of

3

proving the requirements of diversity jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000), cert. denied, 121 S. Ct. 1428 (2001). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $ 75,000, exclusive of costs and interest. See 28 U.S.C. § 1332(a). The determination of federal jurisdiction in a diversity case is made as of the time of removal. See Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 453 (6th Cir. 1996).

For purposes of establishing the diversity requirement of subject matter jurisdiction, a corporation can be a citizen of two states: (1) its state of incorporation; and (2) the state of its principal place of business. See Gafford v. General Elec. Co., 997 F.2d 150, 161 (6th Cir. 1993) (citing 28 U.S.C. §§ 1332(c)). By common sense and by law, a corporation can have only one principal place of business for purposes of establishing its state of citizenship. Id. at 161 (citing J.A. Olson Co. v. City of Winona, 818 F.2d 401, 406 (5th Cir.1987); see 28 U.S.C. §§ 1332(c).

The question of a corporation's principal place of business is essentially one of fact, to be determined on a case-by-case basis, taking into account such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations. Gafford v. General Elec. Co., at 161 (citing Northeast Nuclear Energy Co. v. General Elec. Co., 435 F. Supp. 344, 345 (D. Conn. 1977). To determine, as a matter of law, the location of Plaintiffs' principal place of business, the Court must use the "total activity test," adopted by the Sixth Circuit in Gafford, supra. As Judge Rice explained in Rapier,

supra; "the total activity test is a combination of the 'nerve center test,' which emphasizes the situs of corporate decision-making authority and overall control, and the "place of activity test," which emphasizes the location of the company's production and service activities." Id. at 1013 (citing Gafford, 997 F.2d at 162).

Under the total activity test, the Court must consider all relevant factors and weigh them in light of the facts of the case. Gafford, supra at 163. While each situation is fact-specific, certain generalizations have been made. See Rapier, supra at 1013. These generalizations were canvassed in J.A. Olson Co. v. City of Winona, 818 F.2d 401 (5th Cir.1987), in a section which the Sixth Circuit excerpted in its opinion in Gafford. First, the principal place of business of a far-flung corporation will generally be its nerve center. Olson, 818 F.2d at 409. Second, the principal place of business of a corporation with significant administrative authority and activity in one State and lesser executive offices but principal operations in another is generally the district of the former. Id. Third, the principal place of business of a corporation with its corporate headquarters in one State and its single activity in another State will generally be in the State of its operations. Id.

The ultimate question is not which test to apply, but rather which consideration, on the basis of the totality of the facts, predominates. Thus, the Court will take into consideration all relevant factors and weigh them in light of the facts of this case, Gafford, supra at 163.

### III. LAW AND ANALYSIS

In the instant matter, the parties dispute whether Defendant Walden Pond is a citizen of the State of Ohio or Pennsylvania. The Plaintiffs contend that the Defendants possess Ohio citizenship thereby destroying the complete diversity required by Section 1332(a). Plaintiffs point out that, at the first shareholders meeting, the principal executive office was located Poland, Ohio. (Dkt. # 5). Furthermore, Walden Pond's office is located in Ohio and all checks and bank statements are directed to that address. Defendants counter, arguing that Walden Pond is a citizen of Pennsylvania because: (1) Walden Pond is incorporated under the laws of Pennsylvania; and (2) the property at issue is located in Pennsylvania.

Defendants cite State Auto Fin. Acquisition Corp. v. State Auto. Mut. Ins. Co., 289 F. Supp. 2d 906, 911 (D. Ohio 2003) in support of their argument that Walden Pond's principal place of business is Pennsylvania because the corporation was formulated for the purposes of developing property in Pennsylvania. In State Auto Fin. Acquisition Corp., the court held that, although an Illinois corporation's controlling individual lived and worked in Illinois, its legal counsel is based in Illinois and all decisions and executive operations took place in the State of Illinois, the fact that it was formed specifically to acquire control of Ohio companies made clear that the corporation's principal place of business was in Ohio. State Auto Fin. Acquisition Corp., 289 F. Supp 2d at 913. The court pointed out, however, that the "headquarters" in Illinois was merely a "mail drop" office, and no substantive activities took place there. Id. at 909.

Unlike the corporate headquarters in State Auto Fin. Acquisition Corp, the Ohio office

6

of Walden Pond is where the shareholder meetings take place.  All office equipment, desks, files, correspondence, phones and fax lines are located in Poland, Ohio and all checks issued by Walden Pont list the Poland, Ohio address.  Under Gafford, the principal place of business of a corporation with its corporate headquarters in one state and its single activity in another State will generally be in the state of its operations.  The Court finds, therefore, that the principal place of business of Walden Pond is Ohio.

## IV.  CONCLUSION

Because Walden Pond's principal place of business is Ohio, Plaintiff Sebastian Rucci is citizens of Ohio and Plaintiff Rucci Development's principal place of business is in Ohio, there is not complete diversity between the parties.  Accordingly, the Court determines that the Defendants have failed to establish by a preponderance of the evidence that the Court had subject-matter jurisdiction over the matter at the time of removal.  The Court hereby orders that the Motion to Remand (Dkt. # 5) is **GRANTED**.  The above-captioned case be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Court of Common Pleas, Mahoning County.

**IT IS SO ORDERED.**

                                          **/s/ *Peter C. Economus* -November 9, 2007**
                                          **PETER C. ECONOMUS**
                                          **UNITED STATES DISTRICT JUDGE**